EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* ISABEL FÉLIX AVILÉS, demandada; COMPAÑÍA DE FIANZAS DE PUERTO RICO, recurrente.

*Número:* RE-90-570          *Resuelto:* 24 de mayo de 1991

*Jorge Lora Longoria,* abogado de la recurrente; *Norma Cotti Cruz, Subprocuradora General,* y *Aida Ileana Oquendo Graulau, Procuradora General Auxiliar,* abogadas de El Pueblo.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

El presente caso nos permite delimitar el alcance de la fianza prestada antes de la convicción para asegurar la comparecencia del imputado de delito cuando en la vista preliminar se determina la inexistencia de causa probable para acusar y el Fiscal no cita al imputado para que comparezca a la celebración de vista preliminar en alzada.

I

*Los hechos*

El 8 de diciembre de 1988 se determinó causa probable para el arresto de la Sra. Isabel Félix Avilés por violación a las disposiciones de la Ley de Sustancias Controladas de Puerto Rico, resultante de unos hechos alegadamente ocurridos el 6 de diciem-

bre de 1988. (¹) El 8 de diciembre se le fijó a la acusada una fianza ascendente a la suma de tres mil dólares ($3,000). Dicha fianza fue prestada por la recurrente Compañía de Fianzas de Puerto Rico (en adelante Compañía de Fianzas), quien aseguró así la comparecencia de la acusada al proceso seguido en su contra.

El 26 de enero de 1989 se celebró la vista preliminar a la cual compareció la señora Félix Avilés. En esa ocasión el tribunal determinó que no existía causa probable para presentar acusación contra la imputada. En dicha vista el Ministerio Público *no* anunció intención alguna de solicitar la celebración de vista preliminar en alzada, por lo que el tribunal de instancia no citó a la imputada para que compareciera a vista ulterior alguna.

Posteriormente, el Ministerio Público solicitó que se celebrara vista preliminar en alzada ante el Tribunal Superior. Para ello presentó Moción sobre Nueva Vista Preliminar de 2 de febrero de 1989. Ese mismo día solicitó que se citara a la imputada. (²) La citación expedida nunca fue diligenciada en la persona de la imputada. Se celebró la vista preliminar en alzada el 8 de marzo de 1989. La señora Félix Avilés no compareció y, debido a que no hubo constancia de que fuera citada, el tribunal ordenó al alguacil que investigara lo ocurrido con la citación. Al día siguiente el alguacil informó al tribunal que de la orden de citación surgía que la imputada se mudó del lugar donde vivía en el pueblo de Yauco.

Así las cosas, se pospuso la vista para el 31 de marzo de 1989. Ese día se le informó al tribunal que la señora Félix Avilés se había trasladado a Vieques. En esa vista estuvo presente el Sr. Roberto Rosario Torres, apoderado de la Compañía de Fianzas, quien solicitó del tribunal que se le concediera tiempo para conseguir la dirección de la acusada en Vieques. Se le concedió hasta el 25 de abril de 1989. En esa ocasión la imputada tampoco compareció, por lo que el tribunal procedió a determinar la existencia de causa probable en su contra por incomparecencia.

---

(¹) Además de los cargos presentados contra la señora Félix Avilés, el Ministerio Público presentó cargos idénticos contra los Sres. Pablo Roura Torres, Luis M. Díaz Figueroa y Jaime Pagán.

(²) Solicitó igualmente que se citara a los demás imputados en el caso.

El acto de lectura de acusación se celebró el 29 de agosto de 1989. La señora Félix Avilés tampoco fue citada para esa ocasión, por lo que no compareció al mismo. Debido a esta incomparecencia, instancia dictó orden contra la Compañía de Fianzas para que ésta mostrara causa por la cual no debía ser confiscada la fianza prestada. En la vista celebrada a esos efectos, la Compañía de Fianzas manifestó que no pudo localizar a la imputada debido a que ésta se mudó a Vieques y, posteriormente, abandonó la jurisdicción de Puerto Rico y se trasladó a Estados Unidos. Subsiguientemente, el 2 de febrero de 1990, la Compañía de Fianzas presentó una moción en la que argumentó que la fianza quedó sin efecto o fue cancelada al quedar la imputada en libertad luego de celebrada la vista preliminar original. Argumentó, además, que en los procedimientos posteriores, vista preliminar en alzada y lectura de acusación, el tribunal carecía de jurisdicción sobre la persona de la imputada debido a que ésta no fue citada.

Insatisfecho con las razones y argumentos expuestos por la Compañía de Fianzas, el tribunal dictó sentencia el 14 de agosto de 1990 mediante la cual confiscó la fianza prestada.

De dicha sentencia recurre ante nos la Compañía de Fianzas y alega, en síntesis, que erró el tribunal de instancia al ordenar la confiscación de la fianza y no acoger su reclamo de que la referida fianza quedó extinta al momento en que se determinó la inexistencia de causa probable contra la imputada y ésta fue puesta en libertad.

Acordamos revisar y ordenamos al Procurador General que mostrara causa por la cual no debíamos revocar la sentencia recurrida. El Procurador General compareció, por lo que estamos en posición de resolver y así lo hacemos sin ulteriores procedimientos.

## II

*Naturaleza y alcance de la fianza prestada antes de que recaiga convicción con relación al proceso de vista preliminar en alzada*

### A. *La vista preliminar en alzada*

Una vez se determina en la vista preliminar inicial que no existe causa probable para acusar, el magistrado que preside la vista viene obligado a exonerar a la persona imputada y a ordenar que sea puesta en libertad. Regla 23(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. "Esta exoneración no es de carácter final ya que . . . la determinación de causa probable no se trata de una adjudicación de responsabilidad criminal." O.E. Resumil de Sanfilippo, *Derecho Procesal Penal,* New Hampshire, Equity Publishing Co., 1990, T. 1, Cap. 15, Sec. 15.9, pág. 386. Véase, además, *Pueblo v. Rodríguez Aponte,* 116 D.P.R. 653 (1985). La exoneración adjudicada en la vista preliminar inicial al determinarse que no existe causa probable no impide que el Estado pueda continuar el proceso contra el imputado. *Pueblo v. Rodríguez Aponte,* supra. Luego de la vista preliminar inicial, existen procedimientos subsiguientes que son parte integral de la acción penal seguida contra el imputado. Uno de estos procedimientos lo es, la vista preliminar en alzada. *Pueblo v. Rivera Colón,* 119 D.P.R. 315 (1987).

Cuando en la vista inicial se determina que no existe causa probable para acusar, por disposición expresa de la Regla 24(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, el Fiscal puede acudir en alzada ante un magistrado de categoría superior.[3] Esta segunda vista preliminar, por ser independiente, separada y distinta a la vista inicial, no se considera una apelación.

---

[3] La Regla 24(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dispone lo siguiente:

"*REGLA 24. PROCEDIMIENTOS POSTERIORES*

"(c) *Efectos de la determinación de no haber causa probable.* Si luego de la vista preliminar, en los casos en que corresponda celebrar la misma, el magistrado hiciere una determinación de que no existe causa probable, el fiscal no podrá presentar acusación

*Pueblo v. Cruz Justiniano*, 116 D.P.R. 28, 30 (1984). El derecho a juicio rápido aplica igualmente a esta etapa del proceso penal (*Pueblo v. Opio Opio*, 104 D.P.R. 165, 169–170 (1975)), por lo que hemos resuelto que la vista preliminar en alzada debe celebrarse dentro de un término de sesenta (60) días, contados a partir de la determinación de inexistencia de causa probable o de la determinación de causa probable por un delito inferior al imputado hecha en la vista inicial (*Pueblo v. Vélez Castro*, 105 D.P.R. 246 (1976)).

En *Pueblo v. Rivera Colón*, supra, pág. 325, resolvimos que "[s]i no se puede citar al acusado por haber éste cambiado su dirección sin informar al tribunal o a su abogado, y el tribunal entiende que hubo una debida diligencia para localizarlo y citarlo, entonces el término de sesenta (60) días para la segunda o subsiguientes vistas comenzará a computarse a partir de la fecha en que el acusado sea efectivamente citado". El incumplimiento con este término por parte del Ministerio Público traerá como consecuencia el archivo del caso que se siga contra el imputado.

Tomando en consideración que la determinación negativa de causa probable en la vista preliminar inicial tiene el efecto, aunque no de carácter final, de exonerar y dejar en libertad al imputado de delito, es necesario que éste sea citado previa y adecuadamente para que en la vista en alzada el tribunal pueda adquirir jurisdicción sobre él. Esta citación a la vista preliminar en alzada es requisito indispensable del debido proceso de ley. *Pueblo v. Méndez Pérez*, 120 D.P.R. 137 (1987). La citación al imputado puede hacerla el tribunal de instancia en corte abierta si, luego de determinarse que no existe causa probable, el Ministerio Público informa en ese momento que habrá de solicitar la celebración de una vista preliminar en alzada. Una vez citado de esta forma, el tribunal conservará su jurisdicción sobre la persona del imputado. En la citación que se haga en corte abierta, el

---

alguna. En tal caso o cuando la determinación fuere la de que existe causa por un delito inferior al imputado, el fiscal podrá someter el asunto de nuevo con la misma o con otra prueba a un magistrado de categoría superior del Tribunal de Primera Instancia."

tribunal advertirá al imputado de la intención del Fiscal de acudir en alzada, le indicará que debe asistir a dicha vista posterior y le informará, además, que si no comparece y su ausencia es injustificada, la misma se entenderá como una aceptación a que la vista se celebre en su ausencia.(4) De no efectuarse esta citación, el tribunal no retendrá su jurisdicción sobre el imputado.

Cuando el Ministerio Público no informe en la vista inicial su intención de acudir a una vista en alzada y la solicite posteriormente, el Fiscal debe actuar con arreglo a lo dispuesto en las Reglas 24(c) y 235 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.(5) La vista en alzada no podrá celebrarse hasta que la citación correspondiente se haya diligenciado de forma adecuada.(6)

Debe quedar meridianamente claro que en caso de que el imputado haya sido notificado y citado en corte abierta por el tribunal que celebró la vista preliminar inicial y éste se ausente a la celebración de la vista preliminar en alzada, no significa que el juez que preside la misma tenga facultad para determinar la existencia de causa probable contra dicho imputado *por su incomparecencia*. En *Pueblo v. Méndez Pérez*, supra, expresamos inequívocamente que una vez el imputado ha sido advertido e informado por el tribunal de que debe asistir a la vista que ha de celebrarse en alzada, su incomparecencia no será impedimento sino que, por el contrario, "constituirá anuencia a *que se celebre la vista en su ausencia*". (Énfasis suplido.) *Pueblo v. Méndez Pérez*, supra, pág. 143. Celebrar la vista en alzada en ausencia del

---

(4) Si el imputado es citado en conformidad con lo antes expuesto, debido a que ha sido apercibido de que el Fiscal tiene la intención de continuar los procedimientos ulteriores en su contra, podría justificarse que se le imponga la obligación de informar al tribunal sobre cualquier cambio en su dirección. *Pueblo v. Méndez Pérez*, 120 D.P.R. 137 (1987).

(5) La Regla 235 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, establece el trámite a seguir para expedir citaciones a imputados o testigos con el fin de que comparezcan ante el Fiscal o ante el tribunal para la celebración de cualquier procedimiento pendiente de vista o para el acto del juicio.

(6) Para una exposición más detallada con relación a lo antes discutido, véase *Pueblo v. Méndez Pérez*, supra.

imputado no es sinónimo de determinar la existencia de causa probable por su incomparecencia. Dicha vista debe celebrarse como si el imputado estuviese presente, de acuerdo con lo establecido por las Reglas de Procedimiento Criminal y por nuestra jurisprudencia. De otra parte, si como sucedió en el caso de autos, una vez se determinó inexistencia de causa, a la imputada no se le indicó en la vista preliminar inicial que se acudiría en alzada y no se le ha citado, el tribunal ni siquiera tendría jurisdicción para celebrar la vista preliminar en alzada en su ausencia.

B. *La fianza prestada antes de que recaiga convicción*

En lo pertinente a la controversia de autos, las Reglas 218 y 219 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, disponen lo siguiente:

### REGLA 218. FIANZA Y CONDICIONES, CUANDO SE REQUIERAN; CRITERIOS DE FIJACION; REVISION DE CUANTIA, O CONDICIONES; EN GENERAL

(a) *Derecho a fianza; quién la admitirá; imposición de condiciones.* Toda persona arrestada por cualquier delito tendrá derecho a quedar en libertad bajo fianza o bajo las condiciones impuestas de conformidad con el inciso (c) de esta regla, *hasta tanto fuere convicta.* La fianza, cuando se requiera, podrá ser admitida por cualquier magistrado, quien podrá imponer condiciones en lugar de, o en adición a aquélla. (Énfasis suplido.)

### REGLA 219. FIANZA; CONDICIONES; REQUISITOS

(a) *Antes de la convicción.* Las condiciones impuestas y *la fianza prestada en cualquier momento antes de la convicción garantizarán la comparecencia del acusado ante el magistrado o el tribunal correspondiente y su sumisión a todas las órdenes, citaciones y procedimientos de los mismos, incluyendo el pronunciamiento y la ejecución de la sentencia, así como la comparecencia del acusado a la vista preliminar en los casos apropiados,* y que en su defecto los fiadores pagarán al Estado Libre Asociado de Puerto Rico determinada cantidad de dinero. (Énfasis suplido.)

█ El contrato de fianza, como el establecido en el caso de autos, es un acuerdo entre el fiador y el Estado mediante el cual el primero se compromete a garantizar la presencia del imputado de delito ante el tribunal que celebra el proceso en su contra. De no cumplir su compromiso, el fiador viene obligado a pagar al Estado la cantidad consignada como fianza. Este contrato es formalizado a tenor con las disposiciones de las Reglas de Procedimiento Criminal referentes a la fianza. (7) Cuando la Compañía de Fianzas presentó su contrato ante el juez en el tribunal de instancia para la aceptación del mismo, se comprometió a mantener vigente dicha fianza de forma ininterrumpida a través de la duración de *todo* el proceso penal.

█ La Regla 227 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, rige el procedimiento a seguir en caso de ser necesario confiscar la fianza prestada. Dicha regla fue enmendada recientemente por la Ley Núm. 55 de 1 de julio de 1988. En su Exposición de Motivos, el legislador plasmó la naturaleza y propósito del contrato de fianza, así como la responsabilidad que asume el fiador ante el Estado. En este sentido, nos señaló lo siguiente:

> La función de la fianza es garantizar al Estado la comparecencia del acusado en el proceso judicial. . . .
> Admitida la fianza, el fiador se obliga a garantizar la presencia del acusado en el proceso judicial que se sigue en su contra *hasta que recaiga una sentencia*. La incomparecencia del acusado a una de las etapas del proceso judicial es un quebrantamiento del compromiso hecho con el tribunal por lo que, en ausencia de una justificación razonable, debe ser confiscada la fianza en favor del Estado Libre Asociado de Puerto Rico.
>
> .    .    .    .    .    .    .    .
>
> El estado tiene la responsabilidad de mantener la custodia de aquellos que son acusados de transgredir la ley. Sin embargo, ha consentido que el fiador le sustituya cuando éste así lo solicita. Por lo que el incumplimiento del fiado es el incumplimiento de[l] custodio quien debe responder con la garantía ofrecida. (Énfasis suplido.) 1988 Leyes de Puerto Rico 280–281.

---

(7) Véase 34 L.P.R.A. Ap. II, Rs. 218–228. Para los casos de fianza en apelación, véase 34 L.P.R.A. Ap. II, R. 198.

■ Las disposiciones de ley antes citadas no establecen limitaciones a la vigencia de la fianza prestada. Por el contrario, indican que la misma estará en vigor desde que se admita por cualquier magistrado y cubrirá todo el proceso judicial hasta que el mismo culmine con el pronunciamiento y ejecución de la sentencia. *Pueblo v. Negrón Vázquez,* 109 D.P.R. 265 (1979). Del contrato de fianza suscrito en este caso en particular tampoco surge limitación alguna. Dicho contrato, en lo pertinente, establece que:

> . . . la FIADORA, por la presente responde de que el susodicho acusado comparecerá a contestar al citado cargo ante cualquier tribunal en que se estuviere sustanciando y de que en todo tiempo estará pronto a acatar las órdenes y providencias del Tribunal, y que comparecerá a la vista preliminar en los casos apropiados, y si fuere declarado culpable, de que comparecerá al pronunciamiento de la sentencia y se someterá a la misma. . . . Apéndice, *Exhibit* II, pág. 3.

## III

*Aplicación del derecho antes expuesto a los hechos del caso de autos*

■ De lo anterior se colige que el propósito de la imposición de fianza antes de la convicción a un imputado de delito es, de acuerdo con lo establecido en las Reglas de Procedimiento Criminal aplicables, garantizar que, una vez citado adecuadamente, éste comparezca a las diversas etapas del proceso iniciado en su contra.

■ La fianza así prestada habrá de cobijar al imputado de delito durante *todo* el proceso penal y hasta que resulte convicto, se pronuncie y ejecute la sentencia en su contra o hasta que el Estado, por motivos procesales o de otra índole, esté impedido de continuar el proceso contra éste. La vista preliminar,

en los casos que procede celebrarse,(8) es una etapa más de ese proceso penal seguido contra el imputado. Igual consideración tiene la vista preliminar celebrada en alzada, procedimiento previamente discutido.

Resolvemos, pues, que la fianza prestada y admitida antes de que recaiga convicción cubre todo el proceso judicial celebrado contra el imputado, incluso el proceso de vista preliminar en alzada, y subsiste hasta que se celebre el pronunciamiento y la ejecución de la sentencia. El hecho de que la determinación de no causa en la vista preliminar inicial conlleve la exoneración y liberación del imputado, no implica que la fianza se extinga en ese preciso instante. Sencillamente el proceso penal no ha culminado y, luego de seguirse el procedimiento establecido, el imputado puede estar sujeto a cumplir las órdenes del tribunal. La fianza prestada se mantendrá vigente para asegurar la presencia del imputado una vez el Ministerio Público decida continuar el procedimiento penal en su contra y proceda a citarlo. Ello así en virtud del compromiso establecido entre el fiador y el tribunal, regido por lo dispuesto en las Reglas de Procedimiento Criminal.

No obstante lo anterior, en el caso de autos procede revocar la sentencia confiscatoria dictada por el tribunal de instancia contra la Compañía de Fianzas. La confiscación de la fianza obedeció al hecho de la incomparecencia de la imputada al acto de lectura de acusación en su contra así como a la vista preliminar en alzada. El tribunal de instancia responsabilizó a la Compañía de Fianzas por dicha incomparecencia. Sin embargo, la

---

(8) A estos efectos véase lo dispuesto en la Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, según enmendada. La reciente Ley Núm. 26 de 8 de diciembre de 1990 enmendó nuevamente el inciso (a) de la Regla 23, *supra*, a los fines de garantizar a todo imputado de delito grave la celebración de una vista preliminar.

Se deja así sin efecto la enmienda introducida por la Ley Núm. 29 de 19 de junio de 1987, que tuvo el propósito de limitar la celebración de la vista preliminar a tres (3) situaciones en particular: (*a*) cuando el magistrado que determinó causa probable para arrestar no examinó a ningún testigo con conocimiento personal de los hechos; (*b*) cuando el imputado no estuvo presente en la determinación inicial de causa probable, o (*c*) cuando el imputado estuvo presente en la determinación inicial de causa probable pero no estuvo acompañado de abogado.

imputada no había sido debidamente notificada de la celebración de los mismos. Según lo dispuesto por nuestra jurisprudencia y por las Reglas de Procedimiento Criminal, el tribunal de instancia carecía de jurisdicción sobre la persona de la imputada Isabel Félix Avilés. *Pueblo v. Méndez Pérez*, supra. Estaba impedido, pues, de celebrar estos procedimientos contra la imputada.[9] Ambos se celebraron en su ausencia. Por lo tanto, no procedía ordenar la confiscación de la fianza. La imputada no ha violado orden alguna del tribunal. Una vez se determinó en la vista preliminar inicial que no existía causa probable en su contra, ésta fue exonerada y puesta en libertad. A pesar de que existía la posibilidad de que tuviese que asistir a una vista preliminar en alzada, su incomparecencia es atribuible únicamente al hecho de que no se le notificó adecuadamente de la celebración de la misma. Una vez exonerada en la vista preliminar inicial, mientras no sea debidamente notificada, la imputada no viene obligada a comparecer a procedimiento ulterior alguno ni la fiadora viene obligada a gestionar su comparecencia. *Pueblo v. Rivera Colón*, supra.

La fianza, prestada para asegurar la comparecencia de la imputada cuando ésta ha sido debidamente citada, subsiste con todo vigor hasta que se pronuncie y ejecute la sentencia en su contra (*Pueblo v. Negrón Vázquez*, supra), hasta que sea absuelta en los méritos o hasta que el Estado, por motivos procesales o de otra índole, esté *impedido* de continuar el proceso contra la

---

[9] La solicitud de vista preliminar en alzada fue hecha dentro del término establecido de sesenta (60) días. *Pueblo v. Rivera Colón*, 119 D.P.R. 315 (1987). Sin embargo, la señora Félix Avilés no fue informada, apercibida ni notificada de la solicitud para celebrar dicha vista. Reglas 24(c) y 235 de Procedimiento Criminal, *supra*. La imputada no estaba obligada a mantener al tribunal informado sobre cambios en su dirección. *Pueblo v. Méndez Pérez*, supra, pág. 143. El tribunal de instancia no podía, ante estas circunstancias, celebrar la vista en alzada.

Debido a que la vista preliminar en alzada fue solicitada oportunamente, el diligenciamiento negativo de la citación a la imputada tendrá el efecto de interrumpir el término de sesenta (60) días para celebrar la misma, únicamente si el Fiscal demuestra que existe justa causa para no haber diligenciado la citación o que la demora es imputable a la acusada o fue consentida por ésta. *Pueblo v. Rivera Colón*, supra, pág. 325; *Pueblo v. Méndez Pérez*, supra, pág. 144. De no poderse probar lo antes señalado, transcurrido el término de sesenta (60) días para celebrar la vista preliminar en alzada, carecerá el tribunal de jurisdicción, por lo que la vista no podrá celebrarse. *Pueblo v. Méndez Pérez*, supra, pág. 144.

imputada. La admisión de la fianza no releva al Estado de su deber de notificarle adecuadamente a la imputada de la celebración de la vista preliminar en alzada.

## IV

Por todo lo antes expuesto, *se expide el recurso de revisión solicitado y se dicta sentencia mediante la cual se revoca la sentencia recurrida emitida por el Tribunal Superior, Sala de Ponce, el 14 de agosto de 1990.*

El Juez Asociado Señor Rebollo López emitió opinión concurrente. El Juez Asociado Señor Negrón García concurre sin opinión escrita.

—O—

Opinión concurrente emitida por el Juez Asociado Señor Rebollo López.

A pesar de que el *resultado* a que se llega en la opinión mayoritaria emitida en el presente caso es uno correcto, *no podemos brindarle nuestra conformidad a la misma.* Ello por razón de que *la mayor parte* de los fundamentos que se aducen, en apoyo del resultado a que se llega, *es contradictoria y errónea en derecho.*

## I

Los hechos son de fácil comprensión. Determinada causa probable para arresto contra Isabel Félix Avilés por una supuesta infracción a la Ley de Sustancias Controladas de Puerto Rico, la mencionada ciudadana prestó —a través de documento a esos efectos expedido por la Compañía de Fianzas de Puerto Rico— la fianza de $3,000 que el foro judicial le requiriera para poder permanecer en libertad.

Señalada y celebrada la vista preliminar que contempla el inciso (c) de la Regla 23 de Procedimiento Criminal, 34 L.P.R.A.

Ap. II, el Tribunal de Distrito de Puerto Rico, Sección de Vistas Preliminares de Ponce, determinó *inexistencia* de causa probable. En consecuencia, dicho foro judicial decretó y ordenó —conforme establece la citada Regla 23(c)— la "exoneración" de Isabel Félix Avilés y que ésta fuera "puesta en libertad".

Inconforme con dicha decisión judicial, el Ministerio Fiscal acudió —acorde establece la Regla 24(c) Procedimiento Criminal, 34 L.P.R.A. Ap. II— ante *un magistrado* del Tribunal Superior de Puerto Rico, Sala de Ponce, en solicitud de una vista preliminar "en alzada". A pesar de que la señora Félix Avilés nunca fue informada de la acción del Ministerio Fiscal, como tampoco fue nunca citada para la celebración de la vista preliminar "en alzada", *un magistrado* del Tribunal Superior de Puerto Rico, Sala de Ponce, determinó la existencia de causa probable en su contra por una supuesta infracción a la mencionada Ley de Sustancias Controladas.

Radicado el correspondiente pliego acusatorio por el Ministerio Fiscal, se señaló el acto de lectura de acusación ante el Tribunal Superior de Puerto Rico, Sala de Ponce. El mismo no pudo ser llevado a cabo en vista de la "incomparecencia" de la señora Félix Avilés, la cual *no* había podido ser citada para dicho acto. Ante esta situación, el tribunal de instancia requirió de la Compañía de Fianzas de Puerto Rico que mostrara causa por la cual no debía proceder a dictar sentencia confiscatoria de la fianza prestada. La Compañía de Fianzas, en la vista a esos efectos celebrada, en adición a manifestar que no había podido localizar a la mencionada ciudadana planteó, como "defensa", el hecho de que la fianza por ella prestada había quedado extinguida al originalmente determinarse la inexistencia de causa probable y, por ende, la exoneración de la señora Félix Avilés. Ello no obstante, el tribunal de instancia dictó sentencia confiscatoria de la fianza en controversia.

Inconforme, la Compañía de Fianzas de Puerto Rico acudió ante este Tribunal en revisión de la sentencia emitida. Expedimos el auto radicado.

## II

El Tribunal comienza su exposición doctrinaria aseverando que, conforme las disposiciones pertinentes de las Reglas de Procedimiento Criminal, "el *propósito* de la imposición de fianza antes de la convicción a un imputado de delito es . . . *garantizar* [la comparecencia de éste] a las diversas etapas del proceso iniciado en su contra". (Énfasis suplido). Opinión mayoritaria, pág. 481.

Por otro lado, la mayoría del Tribunal *correctamente* reconoce y expone que, al amparo de lo establecido en el inciso (c) de la Regla 23 de Procedimiento Criminal, ante, la determinación de no causa probable en la vista preliminar inicial tiene la consecuencia inexorable de exonerar al acusado de todo cargo o imputación que pesara en su contra y que, en consecuencia, para que el tribunal pueda tener jurisdicción sobre la persona de éste para posteriormente poder celebrar, al amparo de lo dispuesto por la Regla 24(c) de Procedimiento Criminal, ante, una vista preliminar "en alzada", dicha persona tiene que obligatoriamente ser citada para la misma.

La Mayoría, sin embargo, *incorrectamente* expresa y resuelve que el "hecho de que la determinación de no causa en la vista preliminar inicial conlleve la exoneración y liberación del imputado, *no implica que la fianza se extinga en ese preciso instante*", ello en vista de que "[s]encillamente el proceso penal no ha culminado y, luego de seguirse el procedimiento establecido [(ser citado)], el imputado puede estar sujeto a cumplir las órdenes del tribunal". (Énfasis suplido.) Opinión mayoritaria, pág. 482.

Finalmente, la Mayoría resuelve que procede la revocación de la sentencia mediante la cual el Tribunal Superior de Puerto Rico, Sala de Ponce, decretó la confiscación de la fianza que había prestado la Compañía de Fianzas de Puerto Rico a favor de la Sra. Isabel Félix Avilés.

Como fundamento en apoyo de dicha *correcta* conclusión, la Mayoría *innecesariamente* aduce — *dados los hechos particulares de este caso, en específico, en virtud de la determinación de*

*inexistencia de causa en la vista preliminar inicial*— que el tribunal de instancia, al determinar causa probable contra la referida ciudadana en la "vista" preliminar "en alzada", carecía de jurisdicción sobre la persona de la "imputada" Félix Avilés por razón de que la misma no había sido citada para dicha vista "en alzada".

## III

Las contradicciones en que incurre y los errores que comete la Mayoría del Tribunal resultan ser obvios.

Establece el inciso (c) de la Regla 23 de las Reglas de Procedimiento Criminal, ante, según la misma ha sido enmendada,(1) que:

(c) *Procedimiento durante la vista.* Si la persona compareciere a la vista preliminar y no renunciare a ella, el magistrado deberá oír la prueba. La vista será privada a menos que al comenzar la misma la persona solicitare que fuere pública. La persona podrá contrainterrogar a los testigos en su contra y ofrecer prueba en su favor. El fiscal podrá estar presente en la vista y podrá también interrogar y contrainterrogar a todos los testigos y ofrecer otra prueba. Al ser requerido para ello el fiscal pondrá a disposición de la persona las declaraciones juradas que tuviere en su poder de los testigos que haya puesto a declarar en la vista. *Si a juicio del magistrado la prueba demostrare que existe causa probable para creer que se ha cometido un delito y que la persona lo cometió,* el magistrado *detendrá inmediatamente* a la persona para que responda por la comisión de un delito ante la sección y sala correspondiente del Tribunal de Primera Instancia; *de lo contrario exonerará a la persona y ordenará que sea puesta en libertad.* El magistrado podrá mantener en libertad a la persona *bajo la misma fianza,* condiciones o ambas que le hubiere impuesto un magistrado al ser arrestada, *alterar las mismas* o imponer una fianza o condición de acuerdo con la Regla 218(c) si ésta no se le hubiese impuesto, y si a juicio del magistrado ello fuere necesario. *No obstante lo anterior* el

---

(1) Enmendada el 5 de junio de 1986, Art. 3 de la Ley Núm. 39 (1986 Leyes de Puerto Rico 104); el 19 de junio de 1987, Art. 6 de la Ley Núm. 29 (1987 Leyes de Puerto Rico 98), ef. 60 días después de 19 de junio de 1987.

magistrado *no podrá* alterar la fianza fijada o condición impuesta por un magistrado de categoría superior, *a menos que* en la vista preliminar se determine causa probable por un delito inferior al que originalmente se le imputó a la persona. Después de que terminare el procedimiento ante él, el magistrado remitirá inmediatamente a la secretaría de la sección y sala correspondiente del Tribunal de Primera Instancia todo el expediente relacionado con dicho procedimiento, incluyendo cualquier fianza prestada. En el expediente se hará constar la fecha y el sitio de la vista preliminar, las personas que a ella comparecieron y la determinación del magistrado. (Énfasis suplido.)

Como podemos notar, el transcrito inciso (c) de la Regla 23 de Procedimiento Criminal, ante, *básicamente contempla dos situaciones, o determinaciones,* por parte del magistrado que preside la vista preliminar: (1) *determinación de causa por determinado delito* —el cual puede ser el *mismo* delito grave por el cual originalmente se determinó causa probable para arresto, *otro* delito grave distinto al imputado originalmente o por un delito menor incluido— y (2) la *determinación de inexistencia de causa probable para acusar,* esto es, por "ningún" delito.

*En la primera de ellas,* una vez el magistrado determina causa por un delito en particular, procede la "detención" del imputado para que responda por dicho delito ante la sección y sala con competencia del Tribunal de Primera Instancia. A todos los fines jurídicos, esta determinación de causa probable bajo la Regla 23(c), ante, *suplanta totalmente* la determinación que originalmente se hiciera en la vista de "causa probable para arresto". *Es precisamente debido a ello que el magistrado está autorizado*: (1) a *ratificar* la fianza que originalmente le fuera fijada al imputado o (2) a *alterar* la misma, ya fuere *aumentado la cuantía* de la fianza, ya *imponiendo una de las condiciones* contempladas en la Regla 218(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, o ya *reduciendo la cuantía* de la fianza o *eliminando una condición* anteriormente impuesta, ello excepto

en la situación expresamente prohibida por la citada Regla 23(c).(2)

*En la segunda de las situaciones contempladas,* esto es, en la que el magistrado determina *inexistencia* total de causa probable, la Regla 23(c) de Procedimiento Criminal, ante, específicamente dispone, *en términos genéricos,* que en dicha situación se "exonerará a la persona y [se] ordenará que sea puesta en libertad". *Dicha oración es de particular y singular importancia. Debe mantenerse presente que la misma contempla e incluye dos situaciones distintas:* (1) la del imputado que comparece a la vista todavía bajo custodia, por no haber podido prestar la fianza, y (2) la del imputado en libertad *bajo* fianza. *En relación con ambas situaciones, repetimos,* la Regla 218(c) de Procedimiento Criminal, ante, establece, como consecuencia de la determinación de inexistencia de causa, que el magistrado lo *"exonerará"* y "ordenará que [dicha persona] *sea puesta en libertad".* (Énfasis suplido.)

En lo pertinente al caso ante nuestra consideración, específicamente respecto a un imputado de delito que comparece a la vista preliminar estando en libertad *bajo fianza,* dicha disposición *no puede tener otra consecuencia que no sea que la fianza,* bajo la cual dicho imputado hasta ese momento se encontraba en la libre comunidad, *queda automáticamente cancelada o extinguida.* En otras palabras, al ordenarse la "libertad" de la persona se está decretando la *libertad incondicional* de la misma.

Así es que, *correcta y tradicionalmente,* se han interpretado las transcritas disposiciones de la Regla 23(c) de Procedimiento Criminal a través de los años. Evidencia *fehaciente* de ello lo constituye lo expuesto en la publicación, intitulada *El Derecho a la Fianza en Puerto Rico (Taller de Reglas de Procedimiento Criminal. Documento de Trabajo: La Fianza),* realizada por el

---

(2) Esto es, en la situación en que el magistrado que originalmente fijó la fianza, en la determinación de causa probable para arresto, lo fue un "magistrado de categoría superior" al que preside la vista preliminar y este último determina causa probable por el delito originalmente imputado al acusado.

Secretariado de la Conferencia Judicial de este Tribunal Supremo en 1989.

Luego de hacer una relación de las enmiendas de que habían sido objeto las Reglas de Procedimiento Criminal relativas a la materia de la fianza hasta el mencionado año de 1989, el Secretariado énumera, y describe, otros proyectos de ley, relativos a la fianza, que fueron radicados durante la "década de los ochenta" y que no fueron aprobados por la Asamblea Legislativa.

En relación a ello, copiamos literalmente lo expresado por el Secretariado en dicha ocasión.

III. OTRA LEGISLACION PROPUESTA DURANTE LA DECADA DE LOS 80

A continuación se hace mención de algunas medidas propuestas durante la década del 80, *en relación con la materia de la fianza*.

Estas medidas fueron presentadas para consideración, tanto de la Cámara de Representantes como de el Senado, *y aunque no fueron aprobadas, permiten detectar tendencias y visiones filosóficas en relación con este asunto*.

. . . . . . . .

4. Por otro lado, en el año de 1984, se presentó el proyecto del Senado 1118, *cuyo objetivo era enmendar las Reglas de Procedimiento Criminal de 1963, para evitar la cancelación de la fianza hasta tanto no transcurra el término para revisar la determinación de no causa probable.*

5. En el año de 1985, se presenta el Proyecto del Senado 0146/PC 209, *el cual tiene el propósito de enmendar las Reglas 23 y 219 de Procedimiento Criminal, para ordenar que se mantenga vigente la fianza por el término que tiene el fiscal para revisar la determinación de no causa probable o causa probable por un delito inferior al imputado.* Este proyecto es análogo al Proyecto 1118 de 1984. *La situación que pretende remediar es obvia, toda vez que al no determinarse causa se puede retirar la fianza y el acusado queda en libertad sin más restricción.* El fiscal cuenta con un período de sesenta (60) días para ir en alzada, en cuyo caso *no hay nada que garantice* la comparecencia del acusado a los procedimientos posteriores en caso de que se determine causa en alzada. (Énfasis suplido.) *El Derecho a la Fianza en Puerto Rico*, ante, págs. 22–25.

No debe haber la menor duda, en consecuencia, de que determinada la *inexistencia de causa probable* en la vista preli-

minar que se celebra al amparo de las disposiciones de la Regla 23(c) de Procedimiento Criminal, ante, no sólo procede que se decrete la "exoneración y libertad" de dicho ciudadano, sino que la cancelación de la fianza bajo la cual el imputado se encontraba en "libertad condicionada", quedando el mismo *incondicionalmente en libertad* sin *ninguna* clase de "atadura".

Ello no obstante, nuestro ordenamiento jurídico le concede al Estado una segunda y última[3] oportunidad para demostrar que cuenta con suficiente prueba para procesar criminalmente a dicho ciudadano. Esa oportunidad se la brinda el Estado a través de las disposiciones de la Regla 24(c) de Procedimiento Criminal, ante, la cual dispone que:

> (c) *Efectos de la determinación de no haber causa probable.* Si luego de la vista preliminar, en los casos en que corresponda celebrar la misma, el magistrado hiciere una determinación de que no existe causa probable, el fiscal no podrá presentar acusación alguna. En tal caso o cuando la determinación fuere la de que existe causa por un delito inferior al imputado, *el fiscal podrá someter el asunto de nuevo con la misma o con otra prueba a un magistrado de categoría superior del Tribunal de Primera Instancia.* (Énfasis suplido.)

Como correctamente se señala en la opinión mayoritaria, hemos expresado que esta "segunda vista preliminar *no es una apelación* sino que es vista *independiente, separada, y distinta . . .". Pueblo v. Tribunal Superior,* 96 D.P.R. 237, 239 (1968). Véanse, además: *Pueblo v. Cruz Justiniano,* 116 D.P.R. 28 (1984); *Pueblo v. Méndez Pérez,* 120 D.P.R. 137 (1987).

Hemos, adicionalmente, resuelto que la persona que fue "exonerada", y cuya "libertad" fue ordenada, como consecuencia de la determinación de *inexistencia* de causa probable que hiciera el magistrado que presidió la vista preliminar inicial, tiene, *por imperativo del debido procedimiento de ley,* que ser *debidamente citada* para la celebración de esta segunda vista preliminar. *Pueblo v. Méndez Pérez,* ante.

---

(3) Véase, *a esos efectos, Pueblo v. Cruz Justiniano,* 116 D.P.R. 28, 30 (1984).

A esos efectos hemos decidido que si, luego de que se haya decretado por el magistrado la inexistencia de causa probable, el fiscal inmediatamente informa de su intención y propósito de acudir "en alzada", bajo las disposiciones de la citada Regla 24(c), ante un magistrado del Tribunal Superior, el tribunal *podrá en ese momento citar* al ciudadano para la referida "vista en alzada" y que esa citación cumple con el requisito constitucional de debido proceso de ley. *Pueblo v. Méndez Pérez,* ante.

El *único* efecto que tiene esta "citación" así realizada, sin embargo, es el de hacer *innecesaria* la posterior emisión de una citación oficial —y su diligenciamiento— por parte del Tribunal Superior luego de que el fiscal radique su escrito ante dicha Sección en solicitud de la "segunda" vista preliminar que contempla la Regla 24(c), ante. *Ello no tiene el efecto, como parece sostener la mayoría del Tribunal, de hacer que permanezca vigente la fianza bajo la cual disfrutaba de libertad condicional el ciudadano.*

Si ello fuera como sostiene la mayoría del Tribunal, esto es, que la fianza continúa vigente, *no habría razón alguna para excarcelar a aquel imputado de delito que compareció a la vista preliminar todavía bajo custodia por no haber podido prestar la fianza exigídale,* y que, luego de ser exonerado en la vista preliminar, el fiscal anuncia su intención de ir en alzada ante un magistrado del Tribunal Superior. Ello así, *por cuanto "la exoneración y decreto de libertad", consecuencia de la determinación de inexistencia de causa, tiene que tener el mismo significado y efecto jurídico para ambos: para el que está bajo custodia, su libertad física absoluta, y para el que está en libertad bajo fianza, su libertad incondicional.*

Habiendo quedado *extinguida o cancelada, ipso facto,* la fianza que prestara la Compañía de Fianzas de Puerto Rico a favor de Isabel Félix Avilés, *en el momento* en que el magistrado determinó inexistencia de causa y ordenó su "exoneración y libertad" en la vista preliminar inicial, *resulta innecesario y superfluo el señalamiento* —técnicamente correcto, dicho sea de paso— *que hace la mayoría del Tribunal a los efectos de que el*

*foro de instancia actuó sin jurisdicción al determinar causa probable en la "vista preliminar en alzada".*

## IV

No obstante los erróneos fundamentos aducidos por la mayoría del Tribunal en apoyo de la Opinión y Sentencia emitida, no hay duda de que procede la revocación de la sentencia mediante la cual el tribunal de instancia ordenó la confiscación de la fianza prestada por la Compañía de Fianzas de Puerto Rico en el presente caso. Ello, por el fundamento de que habiéndose decretado la inexistencia de causa probable en la ·vista preliminar inicial, *la fianza prestada por dicha Compañía quedó cancelada.* Es por ello que *concurrimos* con el resultado.