Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>ISRAEL LÓPEZ JIMÉNEZ<br><br>Peticionario | KLCE202401243 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Crim. núm.: C1TR2024-0278 (302)<br><br>Sobre: Art. 7.02 Ley 22 |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de enero de 2025.

Comparece ante este tribunal apelativo el Sr. Israel López Jiménez (señor López Jiménez o el peticionario) mediante recurso de *certiorari* solicitándonos que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI), el 15 de octubre de 2024, notificada al día siguiente. Mediante este dictamen, el foro primario declaró *No Ha Lugar* a la *Moción Solicitando la Desestimación de la Acusación Al Amparo de la Regla 64 (p) de Procedimiento Criminal y el Debido Procedimiento de Ley"* instada por el peticionario.

Por los fundamentos que expondremos a continuación, denegamos el auto de *certiorari* solicitado.

### I.

El 16 de mayo de 2024 el Ministerio Publico presentó una denuncia criminal por un delito menos grave contra el señor López Jiménez por alegada violación al Artículo 7.02 de la Ley de Tránsito de 2000, por hechos presuntamente ocurridos el 28 de marzo de 2024. Aquilatada la prueba presentada durante la vista de

determinación de causa para arresto, el TPI dictaminó causa probable y señaló la vista para juicio en su fondo. La prueba consistió en el testimonio del Agente Carlos Guzmán Génova (Agente Guzmán) y la denuncia debidamente juramentada por este.

El 20 de agosto de 2024 el peticionario presentó una solicitud de desestimación al amparo de la Regla 64 (p) de Procedimiento Criminal. Adujo que la determinación de causa probable no fue conforme a derecho, en virtud de que el juez de instancia no le tomó juramento al único testigo declarante, el Agente Guzmán, antes de que iniciara su testimonio. Por su parte, el Ministerio Público instó su oposición en la cual indicó que la denuncia fue juramentada y que el Magistrado que presidió la vista le recordó al testigo que ya había sido juramentado previamente.

Evaluados ambos escritos, el 15 de octubre de 2024 el TPI emitió el dictamen aquí recurrido en el cual declaró *No Ha Lugar* al petitorio desestimatorio. El foro primario razonó que:[1]

> ...
> [...] La determinación de causa probable, en el caso de autos, no solamente se determinó por el testimonio del agente Carlos M. Guzmán Génova, sino que también se tomó en cuenta la denuncia que este mismo **firmó y juramentó**. Además, al comenzar la vista, el propio juez indicó que "**habíamos juramentado previamente al agente Carlos Guzmán Génova**", por lo que este último debía entender que estaba bajo la obligación de decir la verdad. Recordemos que nuestro ordenamiento jurídico pretende evitar que la vista de causa probables para arresto adquiera el alcance y la formalidad de una vista preliminar o se convierta en un "mini juicio". [citas omitidas]."

Inconforme con esta determinación, el peticionario acude ante nos mediante el recurso de *certiorari* que nos ocupa imputándole al foro *a quo* haber incurrido en el siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL DENEGAR LA SOLICITUD DE DESESTIMACIÓN DE LA DENUNCIA AL AMPARO DE LA REGLA 64 (P) DE PROCEDIMIENTO CRIMINAL, A PESAR DE QUE EL TPI INCUMPLIÓ CON SU DEBER MINISTERIAL DE HABER JURAMENTADO E INQUIRIDO AL ÚNICO TESTIGO DE CARGO SOBRE LA COMPRENSIÓN DE SU OBLIGACIÓN DE DECIR

---

[1] Véase, Apéndice del Recurso, a la pág. 006. Énfasis en el original.

> TODA LA VERDAD BAJO JURAMENTO PREVIO AL COMIENZO DE SU TESTIMONIO DURANTE LA CELEBRACIÓN DE LA VISTA DE REGLA 6 EN SU FONDO, LO QUE CLARAMENTE VIOLENTÓ LAS GARANTÍAS CONSTITUCIONALES DEL PETICIONARIO AL DEBIDO PROCESO DE LEY.

Luego de varios trámites procesales ante esta Curia, el 11 de diciembre de 2024 dictamos *Resolución* en la cual dimos por estipulada la transcripción de la prueba oral (TPO), acompañada con el recurso. Recibido el alegato en oposición, el 9 de enero de 2025 mediante *Resolución* decretamos perfeccionado el recurso.

Analizados los escritos de las partes, el expediente apelativo y la TPO, así como estudiado el derecho aplicable, procedemos a resolver.

## II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders at al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001). Esta discreción, ha sido definida en nuestro ordenamiento jurídico como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *Negrón v. Srio. de Justicia, supra,* a la pág. 91.

Por consiguiente, para determinar si procede la expedición de un recurso de *certiorari* en el que se recurre de una resolución interlocutoria, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, que lee como sigue:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso que se nos presenta, no procede nuestra intervención. Así pues, es norma reiterada que este foro intermedio no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

Por su parte, en nuestro ordenamiento jurídico, la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Lo anterior no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un uso excesivo de discreción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

De otra parte, la Regla 6 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, establece el procedimiento para la determinación de causa probable para arresto de una persona. No se pretende en esta etapa adjudicar en los méritos la culpabilidad o inocencia del imputado. *Pueblo v. Félix Avilés*, 128 DPR 468 (1991). Basta con que el dictamen del magistrado se base en una "scintilla" de prueba que demuestre que existe prima facie causa probable de que se cometió el delito imputado y que probablemente el imputado lo cometió. *Pueblo v. Rivera Lugo*, 121 DPR 454, 475 (1988); *Vázquez Rosado v. Tribunal*, 100 DPR 592, 594 (1972).

Además, nuestro Alto Foro a resuelto que la Regla 6, *supra*, provee varias alternativas para determinar causa probable para arresto, a saber: 1) la denuncia jurada, 2) la denuncia y de las declaraciones juradas que se incluyan con la denuncia, 3) la denuncia y del examen del testimonio del denunciante o sus testigos, 4) las declaraciones juradas que se incluyan con la denuncia, 5) las declaraciones juradas que se incluyan con la denuncia y del examen del testimonio del denunciante o sus testigos, y 6) el examen del testimonio del denunciante o de algún testigo con conocimiento personal del hecho delictivo. *Pueblo v. Irizarry*, 160 DPR 544, 562 (2003). "… la utilización, al someterse un caso al amparo de la Regla 6, de dos o más de los mecanismos establecidos en dicha Regla, no sólo facilita la labor del magistrado de determinar causa probable, sino que hace que dicha determinación tenga un grado mayor de corrección o certeza". *Íd.*, a las págs. 561-562.

Por último, el imputado podrá cuestionar la determinación de causa probable para arresto por un delito menos grave mediante una moción al amparo de la Regla 64 (p) de las Reglas de Procedimiento Criminal, *supra*, alegando que no se determinó causa probable "conforme la ley y el derecho". *Pueblo v. Jiménez Cruz*, 145

DPR 803 (1998). Para que prospere la desestimación bajo la referida regla el acusado tiene que presentar al menos uno de los dos fundamentos que la regla señala: (1) ausencia total de prueba en la determinación de causa probable para el arresto o acusación; o, (2) el incumplimiento de los requisitos de ley o derechos procesales que gobiernan la determinación de causa probable. *Pueblo v. Rivera Cuevas*, 181 DPR 699, 707-708 (2011); *Pueblo v. González Pagán*, 120 DPR 684 (1988).

El Alto Foro ha señalado lo siguiente en cuanto el examen que los tribunales deben hacer del caso bajo la Regla 64 (p), *supra*:

> [...] a la hora de analizar una moción de desestimación al amparo de la Regla 64 (p), se debe examinar la prueba desfilada en la vista preliminar, y determinar si esa prueba establece la probabilidad de que estén presentes cada uno de los elementos del delito y que el imputado lo cometió. Asimismo, se debe considerar que aunque la prueba pueda establecer la posible comisión de otro delito, solo procede desestimar la acusación ante un caso claro de ausencia total de prueba sobre uno o varios elementos del delito, o en cuanto a si el imputado lo cometió. *Pueblo v. Rivera Cuevas*, supra, a las págs. 708-709.

El requisito de ausencia total de prueba debe evaluarse en el contexto de las exigencias evidenciarias de la vista preliminar o bajo la Regla 6, *supra*, que exige el escaso quantum de una *scintilla* de evidencia. No debe confundirse el comentado bajo estándar evidenciario, con la total ausencia de prueba. *Pueblo v. Rodríguez Ríos*, 136 DPR 685 (1990); *Pueblo v. González Pagán*, supra.

Al atender una moción bajo la Regla 64 (p), *supra*, el TPI tiene la facultad de señalar una vista y recibir prueba en cuanto a las alegaciones a favor de la desestimación. También tiene la opción de rechazarla de plano si, de su faz y las constancias en el expediente, no resulta meritoria en cuanto al extremo de ausencia total de prueba. *Pueblo v. González Pagán*, supra, a la pág. 687.

**III.**

En síntesis, el peticionario planteó que erró el foro de primera instancia al denegar la solicitud de desestimación, a pesar de que el

TPI incumplió con su deber de juramentar al único testigo presentado por el Ministerio Público.

Analizados cuidadosamente los escritos de las partes, así como la TPO, al amparo de los Regla 40 de nuestro Reglamento, *supra*, no encontramos que estén presentes los criterios allí enunciados para intervenir con el dictamen objetado.

Del dictamen recurrido no surge que el foro de primera instancia haya abusado de su discreción o se equivocó en la interpretación o aplicación de cualquier norma procesal o algún derecho sustantivo. Como surge del derecho antes consignado una de las alternativas que provee la Regla 6, *supra*, para determinar causa probable para arresto, es el examen de la denuncia jurada. Por otra parte, la Regla 603 de las Reglas de Evidencia, 32 LPRA Ap. VI, es clara al indicar que todo testigo puede expresar su propósito de decir la verdad mediante juramento, cualquier otro modo solemne o **por afirmación**. De la TPO surge expresamente cuando el Magistrado que presidía la vista de Regla 6 señaló para récord que el Agente Guzmán había sido previamente juramentado.[2] Lo cual el agente afirma, "Sí, honorable juez, ..."[3] Acto seguido comenzó el testimonio del agente, **sin objeción alguna por el representante legal del peticionario en cuanto a lo manifestado por el foro recurrido sobre la juramentación previa**. A su vez, destacamos que durante la vista **el agente fue ampliamente contrainterrogado** por el representante legal del peticionario.

En fin, reiteramos que en el presente recurso no están presentes los criterios dispuestos en la Regla 40, *supra.* El TPI tenía la facultad de rechazar el petitorio desestimatorio al este no resultar meritorio en cuanto al extremo de ausencia total de prueba.

**IV.**

---

[2] Véase, TPO, a la pág. 4, líneas 1-3.
[3] *Íd.*, línea 5.

Por los fundamentos antes expuestos, procede denegar el recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones