El Pueblo de Puerto Rico, recurrido, *v.* Julio Ramón Méndez Pérez, acusado y peticionario.

*Número:* CE-86-601     *Resuelto:* 17 de diciembre de 1987

*Carmen Ana Rodríguez Maldonado,* abogada del peticionario; *Rafael Ortiz Carrión, Procurador General, Rose Mary Corchado Lorent, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

En *Pueblo v. Rivera Colón*, 119 D.P.R. 315, 325 (1987), establecimos la forma y manera en que debe calcularse el término de sesenta días para la celebración de la vista preliminar en alzada en aquellas situaciones en que el imputado no puede ser citado para comparecer a dicha vista. Resolvimos que "[s]i no se puede citar al acusado por haber éste cambiado su dirección sin informar al tribunal o a su abogado y el tribunal entiende que se hizo la debida diligencia para localizarlo y citarlo, entonces el término de sesenta días para la segunda o subsiguientes vistas comenzará a computarse a partir de la fecha en que el acusado sea *efectivamente citado*". (Énfasis suplido.) El asunto que ahora se plantea — no suscitado en *Pueblo v. Rivera Colón*, supra— es si en esas mismas circunstancias de incomparecencia puede celebrarse la vista preliminar en alzada en ausencia del imputado, exonerado en la primera vista, y sin que fuera efectivamente informado o apercibido de que el proceso criminal habría de reiniciarse en una nueva etapa. Resolvemos en la negativa.

I

El Ministerio Público presentó denuncia contra Julio Ramón Méndez Pérez, Rafael Colón Dávila y Héctor Manuel Roldán Pereira por los delitos de apropiación ilegal agravada e infracción a los Arts. 271 y 272 del Código Penal, 33 L.P.R.A. secs. 4591 y 4592.

El 13 de mayo de 1986 se celebró la vista preliminar y se determinó que no existía causa probable contra los imputados en ninguno de los cargos. El 4 de junio de 1986 el Ministerio Público solicitó vista preliminar en alzada y fue señalada para el 30 de junio de 1986.

Ese día la vista fue suspendida y reasignada para el 15 de julio de 1986. La suspensión se debió al hecho de que la prue-

ba de cargo no había podido ser citada. Con relación a los coimputados, sólo Rafael Colón Dávila compareció. Los otros dos no pudieron ser citados. El tribunal ordenó al agente Orlando Meléndez que diligenciara las correspondientes citaciones para el nuevo señalamiento.

El 15 de julio de 1986 al ser llamada la vista preliminar en alzada, sólo se encontraba presente nuevamente Rafael Colón Dávila. El agente Meléndez informó al tribunal que había citado verbalmente al imputado Héctor Manuel Roldán y que Méndez Pérez no había podido ser citado, ya que aparentemente no se encontraba en Puerto Rico. La defensa alegó que se había cumplido el término de sesenta días para la celebración de la vista preliminar en alzada. El tribunal declaró sin lugar el planteamiento.

Se celebró la vista y luego de sometido el caso el tribunal determinó que no existía causa probable contra Colón Dávila, pero sí contra los imputados que no estaban presentes en cada uno de los tres cargos. Se solicitó reconsideración en cuanto a Méndez Pérez en vista de que éste no había sido citado y, por lo tanto, el tribunal carecía de jurisdicción para determinar causa probable en su contra. Dicho planteamiento fue declarado sin lugar.

El acto de lectura de la acusación fue señalado para el 13 de agosto de 1986. Tanto el peticionario Méndez Pérez como el otro imputado no comparecieron. Ambos fueron declarados prófugos de la justicia y les fue fijada fianza de $50,000 a cada uno. Se pospuso el acto de lectura de la acusación.

A solicitud del peticionario Méndez Pérez acordamos revisar la resolución del tribunal de instancia, que declaró causa probable en alzada en su contra.

## II

En su informe, el Procurador General invoca, amparándose en la determinación de "prófugo de la justicia" que pesa

contra el peticionario, la norma de *Pueblo* v. *Rivera Rivera*, 110 D.P.R. 544, 545 (1980), donde expresamos por vía de *dictum* que "[l]os fugitivos, al menos mientras continúe su condición de tales, renuncian su derecho a que una corte de apelación considere sus planteamientos sobre la base de una justicia que ellos han decidido burlar".

Se trataba allí de un convicto de varios delitos que se fugó de la cárcel. La situación ante nuestra consideración es claramente distinguible tanto desde la perspectiva de los hechos como del derecho. A la fecha en que se trató de citar infructuosamente al imputado para la vista preliminar en alzada no existía procedimiento legal pendiente en su contra. Tampoco ha desfilado prueba en este caso de que el imputado esté huyendo de la justicia. El argumento de que el peticionario es prófugo y por lo tanto renuncia a que el tribunal apelativo considere sus planteamientos no puede prosperar, por definición, en situaciones donde inexcusablemente está en controversia si en efecto el imputado ha incomparecido voluntariamente, se ha ocultado de la justicia, o simplemente la citación no ha podido ser diligenciada por no estar residiendo en la dirección por él suministrada al ser intervenido inicialmente.

Tanto el presente caso, como el de *Pueblo* v. *Rivera Colón*, supra, plantean diversos problemas relacionados con el contenido y los efectos de la resolución judicial que exonera y pone en libertad a un individuo, una vez el juez instructor hace una determinación de que no existe causa probable para acusar, Regla 23(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, y entonces el Ministerio Público decide acudir en alzada al amparo de la Regla 24(c) de Procedimiento Criminal, según enmendada por la Ley Núm. 80 de 9 de julio de 1986 (34 L.P.R.A. Ap. II). El marco normativo que provee la Regla 24 es notablemente escaso. Sin duda nos encontramos ante un problema existente en los foros de instancia

que requiere nuestra atención. En general, véase el Informe del Secretariado de la Conferencia Judicial sobre la Vista Preliminar, noviembre de 1979, págs. 86–87; *Pueblo v. Rodríguez Aponte*, 116 D.P.R. 653, 663 (1985).

En fecha reciente la Legislatura abordó parcialmente la cuestión al aprobar la Ley Núm. 80, *supra*, que enmienda la Regla 24(c) de Procedimiento Criminal, *supra*, para establecer con claridad la obligación del tribunal de citar tanto a testigos como a imputados. Sin embargo, dicha legislación no dispuso medida alguna que permita garantizar la comparecencia al tribunal de personas imputadas una vez el Ministerio Público decide acudir en alzada.(1)

En ausencia de acción legislativa en esta área, hace poco establecimos un balance entre los intereses en pugna y resolvimos que la única consecuencia que tiene el diligenciamiento negativo de una citación para vista preliminar en alzada, solicitada oportunamente, era paralizar o interrumpir el término de sesenta días que tiene el fiscal para acudir ante un magistrado de categoría superior, siempre y cuando se demostrara diligencia para localizar y citar a la persona.

La citación del imputado a la vista preliminar en alzada es requisito indispensable del debido proceso de ley, habida cuenta de que la determinación de no causa en la vista preliminar obliga al magistrado a exonerar a la persona y ordenar que sea puesta en libertad. Regla 23(c) de Procedimiento Criminal, *supra*. Por ello hemos resuelto que éste no es un trámite de apelación de la primera vista, sino independiente, separado y distinto. *Pueblo v. Cruz Justiniano*, 116

---

(1) En *Pueblo v. Rivera Colón*, 119 D.P.R. 315, 325 esc. 8 (1987), trajimos a colación el P. del S. 146 y el P. de la C. 209 que autorizarían al magistrado a mantener en vigor la fianza por el término que tiene el Ministerio Público para acudir en alzada. El Procurador en su informe hace referencia a medidas similares que no se han convertido en ley.

D.P.R. 28, 30 (1984); *Pueblo* v. *Tribunal Superior*, 96 D.P.R. 237 (1968).

■ Atenta contra el debido proceso de ley garantizado por nuestra Constitución y la Constitución federal, la continuación de procedimientos criminales ulteriores, tras la exoneración del imputado, sin citarle ni advertirle de tal posibilidad. Esto es tan sólo permisible a partir de la lectura de la acusación, bajo las condiciones exigidas en la Regla 58(b) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Nótese que el *apercibimiento* de que se continuarán los procedimientos en caso de ausencia es esencial. Véase *Pueblo* v. *López Rodríguez*, 118 D.P.R. 515 (1987).

■ La contingencia de que existan procedimientos ulteriores podría justificar imponerle al individuo la obligación de mantener al tribunal informado de cambios de dirección sólo si es informado y apercibido adecuadamente de tal propósito. Una vez el juez instructor de causa hace una determinación de que no existe causa probable para acusar, el Ministerio Público debe informar al magistrado si habrá de solicitar una vista preliminar en alzada. El tribunal deberá entonces advertir al imputado que el fiscal se propone acudir ante un magistrado de categoría superior, que deberá comparecer el día señalado y que su ausencia injustificada constituirá anuencia a que se celebre la vista en su ausencia. Debidamente advertido y citado en sala, el imputado queda informado de que el procedimiento habrá de reiniciarse en una nueva etapa y que deberá asistir a la misma. La intervención con su libertad es mínima de esa forma; tampoco se le imponen pesadas cargas a fiscalía. Esta es la única forma en que el tribunal puede conservar jurisdicción sobre la persona del imputado, que de otra forma cesaría con la determinación de ausencia de causa probable.

■ Si el fiscal desconoce o no ha decidido solicitar una vista preliminar en alzada, entonces deberá cumplir cabalmente con las disposiciones de las Reglas 24(c) y 235 de Procedimiento Criminal, según fueron enmendadas, 34 L.P.R.A. Ap. II. No podrá celebrarse esta vista sin que antes se diligencie adecuadamente la citación correspondiente. La única consecuencia que podrá tener el diligenciamiento negativo de una citación es la de interrumpir el término de sesenta días "para la segunda o subsiguientes vistas [que] comenzará a computarse a partir de la fecha en que el acusado sea *efectivamente citado*". (Énfasis suplido.) *Pueblo* v. *Rivera Colón*, supra, pág. 325.

## III

■ En resumen, en el caso ante nos estamos ante una vista separada e independiente, por lo que surge el deber de expedir nuevas citaciones para testigos e imputados. Regla 24(c) de Procedimiento Criminal, *supra*. El procedimiento para que el tribunal adquiera jurisdicción sobre la persona tiene que iniciarse.

Al determinarse no causa en la vista preliminar, el señor Méndez Pérez no fue citado para la celebración de otra vista ni el tribunal le hizo algún tipo de apercibimiento. En ese momento el fiscal no anunció al tribunal su intención de someter el asunto nuevamente a un magistrado de categoría superior. Esto se hizo tres semanas después. Para todos los efectos legales —independientemente del derecho estatutario que tiene el Ministerio Público a acudir en alzada— Méndez Pérez era una persona libre. Había sido exonerado por el Estado de los cargos imputados. Su incomparecencia en estas circunstancias, debido a que no pudo ser citado 22 días después, no puede considerarse una renuncia a su derecho a estar presente en dicha vista.

█ La determinación de causa probable sin notificación alguna ni oportunidad de oír al imputado contradice los principios más elementales de debido proceso de ley. *Resolvemos que la vista preliminar en alzada ante el Tribunal Superior no podía celebrarse porque dicho tribunal carecía de jurisdicción. Procede, por lo tanto, dejar sin efecto lo actuado con relación al peticionario Méndez Pérez.*

*Desde la determinación de no causa al presente ha transcurrido tiempo en exceso de un año. Sin embargo, de acuerdo con la norma de Pueblo v. Rivera Colón, supra, no procede el archivo definitivo del caso. Devolvemos el mismo a instancia para determinaciones compatibles con lo allí expresado.*

Los Jueces Asociados Señores Negrón García, Rebollo López y Ortiz concurren con el resultado sin opinión escrita.