# 98 DTA 150

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE PONCE Y AIBONITO - PANEL I**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

JOSE PACHECO GUZMAN
Peticionario

Núm. KLCE-97-01179

San Juan, Puerto Rico, a 9 de marzo de 1998

Panel integrado por su Presidente, Juez Negrón Soto
y los Jueces Aponte Jiménez y Segarra Olivero

Segarra Olivero, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

El peticionario José A. Pacheco Guzmán nos solicita que revisemos una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, mediante la cual se declaró sin lugar su ·moción de desestimación por alegada violación de su derecho a juicio rápido.

Por los fundamentos que exponemos más adelante, expedimos el auto solicitado y revocamos la resolución recurrida.

**I**

El 7 de febrero de 1997 se celebró la vista preliminar contra José A. Pacheco Guzmán, en adelante el peticionario, por alegada violación al Artículo 15 de la Ley de Protección Vehicular, 9 g. sec. 3214. Concluida la misma, el Tribunal de Primera Instancia determinó no causa probable para acusar al peticionario por el delito imputado. En ese momento, el Ministerio Público no anunció su intención de solicitar una vista preliminar en alzada.

El 14 de febrero de 1997 el Ministerio Público presentó una moción ante el Tribunal de Primera Instancia, Sala Superior de Ponce, en la que solicitó una vista preliminar en alzada. Dicha moción le fue notificada a la representación legal del peticionario, Lcdo. Lind Merle Feliciano. La vista preliminar en alzada fue señalada para el 3 de abril de 1997. Llegada esa fecha, no compareció el peticionario ni su abogado. El alguacil informó que el peticionario había sido citado a través de su señora madre. El tribunal *a quo* ordenó la citación del peticionario y de los testigos de cargo y reseñaló la vista preliminar en alzada para el 28 de abril de 1997. El señalamiento fue notificado personalmente a la representación legal del peticionario.

El 28 de abril de 1997 ni el peticionario ni su abogado comparecieron al señalamiento. El

Ministerio Público y los testigos de cargo estaban presentes. El tribunal *a quo* ordenó la citación del peticionario para el 2 de junio de 1997. El abogado del peticionario fue notificado con copia del acta. El 2 de junio de 1997 tampoco comparecieron. ■ La prueba de cargo estaba presente. El tribunal *a quo* expuso en el acta que *"[s]urge del diligenciamiento de la citación al acusado José A. Pacheco Guzmán, que éste fue citado por conducto de su hermana Gloribel Ortiz Guzmán, según informa el Alguacil Kelmy González Alvarez, placa 784".* El Ministerio Público solicitó que se le concediera un último señalamiento en el caso y que se citara a la hermana del peticionario para que declarara sobre el paradero de éste. La vista preliminar en alzada fue reseñalada para el 27 de junio de 1997.

Llegada esa fecha ni el peticionario ni su abogado comparecieron. El fiscal adujo que, aparentemente, el peticionario se había mudado para Estados Unidos. El Tribunal ordenó que se entregaran las citaciones a los agentes del orden público para que las diligenciaran y transfirió la vista preliminar en alzada para el 6 de agosto de 1997. ■

El 6 de agosto el peticionario y su representación legal volvieron a ausentarse. El alguacil de sala señaló que *"el coacusado José A. Pacheco estuvo presente en Sala pero en este momento no está".* En el acta hay una nota del tribunal en donde expresa que:

*"Se hace constar que en horas de la tarde compareció el Lic. Lind O. Merle Feliciano y estuvo de acuerdo con la fecha en que fue transferida la vista preliminar en alzada."*

La vista fue transferida, una vez más para el 24 de septiembre de 1997. En esa fecha, tampoco comparecieron. El Ministerio Público estuvo presente, así como los testigos de cargo. El tribunal reseñaló la vista para el 6 de octubre de 1997. Se le ordenó a la representación legal del peticionario que hiciera las gestiones para que éste compareciera al tribunal.

Finalmente se celebró la vista preliminar en alzada el 6 de octubre de 1997, con la comparecencia del peticionario y su abogado. El peticionario solicitó la desestimación por alegada violación a su derecho a juicio rápido. El tribunal *a quo* la declaró sin lugar y, luego del desfile de prueba, determinó que existía causa probable para acusar al peticionario por el delito imputado.

Inconforme con tal dictamen, el peticionario acude ante nos mediante el presente recurso de *certiorari* y alega que erró el Tribunal de Primera Instancia, Sala Superior de Ponce, al determinar que no se violó su derecho a juicio rápido, ya que la vista preliminar en alzada debió celebrarse en un término no mayor de sesenta (60) días contados a partir de la determinación de no causa probable en la vista preliminar.

Posteriormente, este Tribunal emitió resolución en la que le concedimos término a la parte recurrida para que mostrara causa por la que no debía revocarse la resolución recurrida. La parte recurrida ha comparecido. Su argumentación no nos ha persuadido.

Hasta aquí los hechos pertinentes para adjudicar la controversia ante nos. Exponemos, a continuación, el derecho y la jurisprudencia aplicable.

**II**

Nuestra Constitución en su Sección 11, Artículo II reconoce que todo *"acusado disfrutará del derecho a juicio rápido y público".* Como regla general este derecho cobra vigencia desde que el imputado de delito es detenido o está sujeto a responder. *Pueblo v. Rivera Tirado,* 117 D.P.R. 419, 431 (1986). El derecho a juicio rápido es uno que asiste tanto al individuo como a la sociedad. *Pueblo v. Arcelay Galán,* 102 D.P.R. 409, 417 (1974).

La situación planteada en el caso de autos se refiere al problema de las dilaciones anteriores a la celebración del juicio, específicamente en cuanto al término para la celebración de la vista preliminar en alzada. La Regla 64 (n)(2) y (6) de Procedimiento Criminal, *supra,* regulan la situación de autos. Allí se dispone, en lo pertinente, lo siguiente:

La moción para desestimar la acusación o denuncia, o cualquier cargo de la misma, sólo podrá basarse en uno o más de los siguientes fundamentos:

*"(n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:*

*(2) Que no se presentó acusación o denuncia contra el acusado dentro de los sesenta (60) días de su arresto o citación o dentro de los treinta (30) días si se tratare de un caso en que un magistrado autorizó la radicación de las mismas de conformidad con lo dispuesto en la Regla 6(a).*

*(6) Que no se celebró la vista preliminar a la persona dentro de los sesenta (60) días de su arresto en los casos en que deba celebrarse."*

Este inciso dispone el término para la celebración de la vista preliminar, la cual es mandatoria en casos de delitos graves, Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 23, y para la presentación de la acusación o denuncia. Nuestro Tribunal Supremo ha expresado reiteradamente que el derecho constitucional a juicio rápido cobija a los acusados en la etapa de la vista preliminar. *Pueblo v. Opio Opio,* 104 D.P.R. 165 (1975); *Pueblo v. Vélez Castro,* 105 D.P.R. 246 (1976); *Pueblo v. Félix Avilés,* __ D.P.R. __ (1991), **91 J.T.S. 50.**

Si bien la Regla 64 (n) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64, regula el término que tiene el Estado para la celebración de la vista preliminar, la misma no establece el término para celebrar la vista preliminar en alzada. Sabido es que el Ministerio Público a tenor con lo establecido en la Regla 24(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 24, tiene derecho a solicitar la celebración de una vista preliminar en alzada para revisar la determinación de no causa probable para acusar en vista preliminar. Nuestro Tribunal Supremo ha establecido un término máximo de sesenta días para la celebración de la vista preliminar en alzada, contados a partir de la determinación adversa al Pueblo en vista preliminar. *Pueblo v. Vélez Castro, supra*; *Pueblo v. Rivera Colón,* 119 D.P.R. 315 (1987); *Pueblo v. Félix Avilés, supra.* En cuanto al término para celebrar la vista preliminar en alzada, el Profesor Ernesto Chiesa expresa que:

*"Habida cuenta de que se estima que los procedimientos de vista preliminar en alzada están incluidos en el concepto de 'juicio rápido', hay derecho constitucional a una rápida vista preliminar en alzada, a partir de la determinación adversa al Pueblo en vista preliminar. Pero no basta una dilación mayor de sesenta días para que proceda la desestimación de la acusación o la revocación de una convicción. Debe utilizarse el método de balance de factores, con especial énfasis en cuál fue la causa de la demora y si hubo consentimiento del acusado para la dilación. Debe también considerarse el perjuicio sufrido por el imputado con la dilación y cuán prolongada fue la dilación."* (Citas omitidas). Ernesto L. Chiesa, *Derecho Procesal Penal de Puerto Rico y Estados Unidos,* Colombia, Ed. Forum, 1992, Vol. II, a la pág. 169.

Nuestro Tribunal Supremo ha atendido en varias ocasiones lo relativo a la justa causa para la dilación, particularmente en relación con la citación del imputado a la vista preliminar en alzada. La citación del imputado a la vista preliminar en alzada es requisito indispensable del debido procedimiento de ley, habida cuenta de que la determinación de no causa en la vista preliminar obliga al magistrado a exonerar a la persona y a ordenar que sea puesta en libertad. *Pueblo v. Méndez Pérez,* 120 D.P.R. 137 (1987).

En *Pueblo v. Rivera Colón,* 119 D.P.R. 315 (1987) el Tribunal Supremo se enfrentó a una situación en la que el Ministerio Público no informó en la vista preliminar su intención de recurrir en alzada de la determinación de no causa probable para acusar. Allí nuestro más alto Foro estableció la forma y manera en que debe calcularse el término de sesenta días para la celebración de la vista preliminar en alzada en aquellas situaciones en que el imputado no puede ser citado para comparecer a dicha vista. Se dispuso que:

*"En primera instancia, la vista preliminar en alzada debe celebrarse dentro de sesenta días a partir de la resolución del Juez de Distrito la cual determina que no había causa probable. Para esta primera vista el imputado será citado según el procedimiento de las Reglas 24(c) y 235 vigentes. Si no se puede citar al acusado por haber éste cambiado su dirección sin informar al tribunal o a su abogado, y el tribunal entiende que hubo una debida diligencia para localizarlo y citarlo, entonces el*

*término de sesenta días para la segunda o subsiguientes vistas comenzará a computarse a partir de la fecha en que el acusado sea efectivamente citado. En todos los casos el término sólo podrá ser extendido por justa causa o por demora imputable al acusado o consentida por éste."*

Cuando el Ministerio Público no informa en la vista preliminar su intención de acudir a una vista preliminar en alzada y la solicita posteriormente --tal y como ocurrió en el caso de autos-- deberá citar al imputado de delito de conformidad con lo dispuesto en las Reglas 24(c) y 235 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II. *Pueblo v. Méndez Pérez*, 120 D.P.R. 137, 144 (1987). La vista preliminar en alzada no podrá celebrarse hasta que la citación correspondiente se haya diligenciado de forma adecuada. *Id.*

La Regla 235, *supra*, gobierna el trámite para expedir las citaciones a imputados o testigos ante el fiscal o ante los tribunales en cualquier procedimiento pendiente de vista o juicio. En lo pertinente reza:

*"Cuando el fiscal, en los casos y bajo las condiciones que estas reglas lo permitan, provea al tribunal el nombre y dirección de imputados o testigos, ello se entenderá como una solicitud de citación, bien para el trámite de determinación de causa, para el acto del juicio o para cualquier procedimiento pendiente de vista. En estos casos será deber del tribunal prontamente expedir u ordenar al secretario del tribunal que expida la citación o citaciones correspondientes, las cuales serán diligenciadas por los alguaciles del tribunal o sus delegados...".*

Por su parte, la Regla 236 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 236, regula la manera en que se diligenciará la citación de testigos al tribunal:

*"La citación podrá ser diligenciada por cualquier persona, pero todo funcionario del orden público tendrá la obligación de diligenciar en su distrito cualquier citación que se le entregue con tal objetivo por el acusado o por el Ministerio Público. Quedará diligenciada la citación con mostrar su original al testigo y entregarle copia o enviándosele por correo a su última residencia, con acuse de recibo. La persona que diligenciare lo hará constar por escrito en la citación o a su dorso, con expresión del tiempo y lugar. En los casos en que la citación se enviare por correo deberá, además, acompañarse el acuse de recibo."*

### III

El peticionario señala que no fue hasta el 24 de agosto de 1997 que fue debidamente citado para la vista preliminar en alzada y, que previo a dicha fecha no se le había entregado personalmente citación alguna, no empece a que continuaba residiendo en la misma dirección informada. Alega, además, que el Ministerio Público no demostró las diligencias que realizó para citarlo.

Por su parte, el Procurador General sostiene que el Ministerio Público actuó diligentemente ya que solicitó la celebración de la vista preliminar en alzada oportunamente, estuvo presente y preparado en la mayoría de los señalamientos del tribunal, y el tribunal ordenó, en numerosas ocasiones, la citación del imputado.

En el caso de autos el Ministerio Público solicitó la vista preliminar en alzada dentro del término establecido de sesenta (60) días y la resolución fue notificada al abogado del peticionario dentro del término mencionado. El tribunal *a quo* señaló la vista para el 3 de abril de 1997. El Ministerio Público le solicitó a dicho foro la citación del imputado. Del expediente ante nos no surge copia de dicha citación. Llegada la fecha de la vista preliminar en alzada, el 3 de abril de 1996, el peticionario no compareció. El alguacil informó que el peticionario había sido citado por conducto de su señora madre. Sin embargo, el alguacil no describió las gestiones que realizó para citarlo, ni indicó la dirección donde vivía la madre.

El tribunal ordenó nuevamente la citación del peticionario, quien tampoco compareció al próximo señalamiento. Del diligenciamiento de la citación del peticionario surge que el peticionario fue citado por conducto de su hermana. Al igual que en la citación anterior, el alguacil tampoco indicó las gestiones que realizó para citarlo, ni la dirección donde vivía la hermana. La vista preliminar en alzada volvió a transferirse, esta vez, para el 27 de junio de 1997, pero el peticionario tampoco

compareció. El Ministerio Público se limitó a expresar que aparentemente el peticionario se había mudado para Estados Unidos. El tribunal *a quo* volvió a ordenar el diligenciamiento de la citación del peticionario. Finalmente, luego de varias suspensiones adicionales, la vista preliminar en alzada se celebró el 6 de octubre de 1997.

La norma esbozada por nuestro más alto Foro en *Pueblo v. Rivera Colón, supra*, es aplicable al caso de autos, habida cuenta que la dilación en la celebración de la vista preliminar se debió a que el imputado de delito (peticionario) no pudo ser citado. Puesto que la vista preliminar en alzada fue solicitada oportunamente, el diligenciamiento negativo de la citación al imputado tendría el efecto de interrumpir el término de sesenta días para celebrar la misma, únicamente si el fiscal establece que existe justa causa para no haber diligenciado la citación o que la demora es imputable al acusado o fue consentida por éste. *Pueblo v. Rivera Colón, supra.*

En el caso de autos, desconocemos cuáles fueron las gestiones específicas realizadas para localizar y citar efectivamente al peticionario para que acudiera a la vista preliminar en alzada. De la relación de hechos que expusimos en la primera parte de esta sentencia, se desprende que el tribunal *a quo* no tuvo constancia de que la citación expedida hubiese sido diligenciada en la persona del peticionario. De hecho, ni tan siquiera tenemos copia de las diversas órdenes de citación expedidas por el tribunal, por lo que no podemos precisar la dirección del peticionario que allí se indica. El Ministerio Público no puso al tribunal en condiciones de determinar si se había desplegado la debida diligencia para localizar y citar al peticionario para que compareciera a la vista preliminar en alzada que se celebraría en su contra. Entendemos que el simple hecho de que se informe al tribunal que el peticionario fue citado por conducto de su madre o de su hermana no puede conferirle validez al diligenciamiento de la citación, máxime cuando no se afirma o se demuestra que la dirección de dichos familiares era la misma que la del peticionario. Tampoco es suficiente para demostrar que no se pudo localizar al peticionario el hecho de que el fiscal exprese, sin más, que *"aparentemente"* el peticionario se había mudado para los Estados Unidos.

Concluimos que el curso de acción correcto es la devolución del caso al foro de origen para la celebración de una vista evidenciaria en la que el Ministerio Público presente la prueba pertinente sobre las diligencias realizadas para la citación del peticionario para la vista preliminar en alzada, con miras a determinar si el término para celebrar la misma fue interrumpido. El tribunal *a quo*, luego de recibir la prueba pertinente, resolverá la moción de desestimación presentada por el peticionario.

## IV

Por los fundamentos esbozados en esta opinión, se expide el auto solicitado, se revoca la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, y se devuelve este caso al foro de origen para la *continuación de los procedimientos de forma compatible con lo aquí* expuesto.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 98 DTA 150

**1.** Valga mencionar que la parte peticionaria no nos incluyó copia del acta del 2 de junio de 1997 y que la misma fue presentada ante nos por el Procurador General.

**2.** El peticionario tampoco nos incluyó una copia del acta del 6 de agosto de 1997. El Procurador General suplió esa deficiencia.