# 2006 DTA 78

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE BAYAMÓN**

EL PUEBLO DE PUERTO RICO
Peticionario

v.

FELIPE NARVÁEZ COLÓN
Recurrido

--------------------

EL PUEBLO DE PUERTO RICO
Peticionario

v.

JORGE ANDÚJAR ORTIZ
Recurrido

--------------------

EL PUEBLO DE PUERTO RICO
Peticionario

v.

ÁNGEL VALENTÍN NARVÁEZ
Recurrido

Núm. KLCE-2006-00408

San Juan, Puerto Rico, a 2 de mayo de 2006

Panel integrado por su Presidente, el Juez Arbona Lago,
el Juez Miranda De Hostos y la Juez Pabón Charneco

Miranda De Hostos, Juez Ponente

██

██

██

## TEXTO COMPLETO DE LA SENTENCIA

El Pueblo de Puerto Rico acude ante nos de una resolución emitida por el Tribunal de Primera Instancia, Sala de Bayamón, que desestimó con perjuicio por violación a juicio rápido, el cargo por Asesinato en Primer Grado y varios cargos bajo la Ley de Armas, presentados contra los recurridos.

Alega el Procurador General, en síntesis, que el foro de instancia incidió al desestimar los cargos, pues no habían vencido los términos a juicio rápido para celebrar la vista preliminar.

En cuanto a la moción de falta de jurisdicción presentada por los recurridos, no ha lugar. El plazo para la presentación, notificación a las partes y perfeccionamiento de un recurso de *certiorari,* no es de naturaleza jurisdiccional, sino de estricto cumplimiento. Por lo tanto, el foro apelativo tiene autoridad para extender o prorrogar por justa causa un término de estricto cumplimiento. *Pueblo v. Rodríguez Martínez,* opinión de 15 de marzo de 2006, **2006 J.T.S. 46,** pág. 1034, nota 6.

El Procurador General presentó justa causa -al atrasarse la redacción del recurso-, por lo cual no pudo presentar dentro el plazo de estricto cumplimiento los apéndices y llevar a cabo la notificación correspondiente a las partes del recurso. Además, copia del recurso fue notificado a los representantes legales de los recurridos al otro día de su presentación en el foro apelativo, el 29 de marzo de 2006. (*Véase,* Ap. III, págs. 3-9.) Ante ello, no hay razón para desestimar el recurso de *certiorari,* pues la dilación, si alguna, fue mínima y no causó mayores perjuicios a las partes litigantes. *Véase,* Regla 34(E)(2) del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B. *Fraya S.E. v. A.C.,* opinión de 16 de junio de 2004, **2004 J.T.S. 122,** pág. 15.

Vencido el plazo concedido a los recurridos para presentar su posición al recurso, procedemos a expedir el auto de *certiorari* y revocar la resolución desestimatoria del foro de instancia, por ser contraria a derecho. Veamos.

# I

Por hechos ocurridos el 5 de octubre de 2001 en el municipio de Toa Alta, Puerto Rico, se presentaron por segunda ocasión el 2 de diciembre de 2004, las denuncias contra los recurridos, respectivamente, por los delitos de asesinato en primer grado, portación y posesión de un arma de fuego semiautomática ilegalmente, portación y uso de un arma de fuego sin licencia, posesión de un arma de fuego sin licencia y posesión o uso ilegal de un arma automática. Arts. 83 del Código Penal de 1974 y Arts. 2.14, 4.04, 4.06 y 4.07 de la Ley de Armas. Anteriormente, el 14 de diciembre de 2001, el tribunal de instancia había desestimado dichos cargos contra los recurridos por violación al derecho a juicio rápido en etapa de vista preliminar.

Según los pliegos de denuncia, los recurridos actuando en concierto y común acuerdo entre sí, alegadamente asesinaron a Raymond López Nieves al dispararle con un arma de fuego; poseían y portaban un arma de fuego semiautomática, larga, que fue utilizada para cometer el asesinato; portaban y poseían ilegalmente un arma de fuego cargada; cada uno de los recurridos poseía un arma de fuego ilegalmente; y portaban y conducían un arma de fuego automática. Se determinó causa probable en ausencia y se les fijó fianza.

El 9 de diciembre de 2004, los recurridos fueron arrestados e instruidos de cargo y citados para la vista preliminar, la cual se pautó para el 28 de diciembre de 2004. Tras múltiples incidentes procesales, incluyendo la desestimación de los cargos imputados a los recurridos por alegada violación al derecho a juicio rápido y la revocación de tal dictamen por parte del Tribunal de Apelaciones, el tribunal de instancia pautó nuevamente la vista preliminar para el 6 de octubre de 2005, según el mandato así emitido. (*Véase,* Recurso de *Certiorari,* KLCE-2005-00621.) Para dicha vista preliminar, ninguna de las dos partes estuvo preparada, pues los alguaciles del tribunal no habían podido citar a los recurridos ni a los testigos de cargo.

El foro de instancia ordenó la celebración de la vista preliminar el 7 de diciembre de 2005. Nuevamente y por las mismas razones que acontecieron el 3 de octubre (falta de citación de los imputados e incomparecencia de la testigo de cargo), ninguna de las partes estuvo preparada. Posterior a dicha vista, el Ministerio Público solicitó al tribunal de instancia que se le expidieran copias de las citaciones, para que fuese la Policía de Puerto Rico la que diligenciara las citaciones de testigos. El foro de instancia accedió a tal solicitud, lográndose así, citar a los testigos.

Para las vistas preliminares antes reseñadas, los recurridos que estaban bajo fianza no comparecieron; ahora bien, sus representantes legales estuvieron presentes. Aunque el tribunal de instancia le requirió a los abogados de los recurridos que le informaran las direcciones de sus clientes para poderlos citar, pues las gestiones para localizarlos habían sido infructuosas, éstos se negaron, pues le competía al tribunal citarlos. El tribunal de instancia denegó a su vez la solicitud del Ministerio Público de citar a los fiadores. Es un hecho cierto que durante las suspensiones y los señalamientos de vista, los representantes legales de los recurridos estuvieron presentes, no así sus clientes que no habían podido ser localizados por los alguaciles del tribunal. (Petición de *Certiorari*, pág. 4.)

El 3 de febrero de 2006, los imputados aquí recurridos, comparecieron por primera vez al tribunal para la vista preliminar, después de varias gestiones para citarlos. Para dicha vista, el Ministerio Público no había logrado obtener la comparecencia de su testigo principal Rosa M. Nieves Andújar, por lo que solicitó la transferencia de la vista para una fecha posterior. Alegó el Ministerio Público que había logrado descubrir el paradero de la testigo Rosa M. Nieves Andújar, por lo cual solicitó que se expidiera una nueva citación para que el Negociado de Investigaciones Especiales, pudiese diligenciarla en Estados Unidos. El tribunal de instancia accedió a la solicitud y declaró que expediría la citación.

Los recurridos se opusieron a la solicitud de reseñalamiento de la vista, argumentando por primera vez que se habían vencido los términos de juicio rápido y solicitaron el archivo de las denuncias bajo la Regla 64(n) de Procedimiento Criminal. Ante tales circunstancias, el foro de instancia procedió a declarar sin lugar la solicitud de archivo y señaló la vista nuevamente para el 14 de febrero de 2006.

Un día antes de celebrarse la vista el 14 de febrero de 2006, la defensa presentó una moción de desestimación por violarse el derecho a juicio rápido de los recurridos, en etapa de vista preliminar. Alegaron, en síntesis, en su moción, que la fecha base para computar el término para la celebración de la vista preliminar, fue el 5 de octubre de 2005, fecha en que el foro de instancia recibió el mandato del Tribunal de Apelaciones, revocando su resolución y ordenando que se celebrara la vista preliminar. (Ap. IX, págs. 13-14.) El foro de instancia denegó la moción y reseñaló la vista para el 23 de febrero de 2006.

En la vista preliminar pautada para el 23 de febrero de 2006, el tribunal de instancia decretó el sobreseimiento de las denuncias contra los recurridos con perjuicio, pues el Estado no estaba preparado ante la ausencia de la testigo Rosa M. Nieves Andújar. El foro de instancia fundamentó su dictamen bajo el hecho que era la segunda desestimación de los cargos contra los recurridos, por violación al derecho a juicio rápido. (Aps. I-III, págs. 1-6.)

Inconforme con tal determinación, el peticionario, el Pueblo de Puerto Rico, acude ante nos en *certiorari*.

II

Expuestos los hechos pertinentes sobre el trámite en el foro de instancia, procedemos a discutir la norma jurídica aplicable.

El derecho de todo acusado a un juicio rápido está consagrado en el Art. II, Sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico. 1 L.P.R.A. Un ciudadano queda sujeto a responder por la comisión de un delito desde el momento en que un juez determina causa probable para arrestarlo, citarlo o detenerlo por la comisión del delito imputado. *Pueblo v. Guzmán Meléndez,* opinión de 28 de enero de 2004, **2004 J.T.S. 16**, pág. 586. *Véase,* además, *Pueblo v. Miró González,* 133 D.P.R. 813, 817 (1993). Es desde ese instante que cobra vigencia el derecho a juicio rápido, debido a que el Estado queda facultado para presentar los cargos contra el ciudadano. *Pueblo v. Carrión Rivera,* opinión de 4 de junio de 2003, **2003 J.T.S. 102**, pág. 1140. *Véase,* además, O.E. Resumil de Sanfilippo, *Práctica Jurídica de P.R., Derecho Procesal Penal,* 1990, Tomo I, pág. 108.

El derecho a juicio rápido es variable y flexible, además debe atenderse a las exigencias de cada caso en

particular. *Pueblo v. Guzmán Meléndez, supra; Pueblo v. Valdés*, opinión de 4 de diciembre de 2001, **2001 J.T.S. 170**, pág. 518. Se ha dispuesto que:

"*[...]. El derecho a un juicio rápido es una cuestión puramente relativa. Depende de muchísimas circunstancias y debe ajustarse a los consabidos aplazamientos. Garantiza los derechos del acusado; pero no excluye los derechos de la justicia pública.*"

*Pueblo v. Reyes Herrans*, 105 D.P.R. 658, 660 (1977).

La Regla 64(n)(6) de Procedimiento Criminal, *supra*, autoriza a un tribunal a desestimar una denuncia si:

"*(6) [...] no se celebró vista preliminar a la persona dentro de los sesenta (60) días de su arresto en los casos en que deba celebrarse.*"

34 L.P.R.A. Ap. II.

Se ha reconocido que, en circunstancias particulares, es desde el momento en que se cita efectivamente al imputado, es que se pone en marcha el término de sesenta (60) días para celebrarse la vista preliminar y presentarse la acusación. *Véase, Pueblo v. Rivera Colón*, 119 D.P.R. 315, 322 (1987); *Hernández Pacheco v. Flores Rodríguez*, 105 D.P.R. 173, 177-178 (1976).

Ahora bien, debe quedar claro que el Tribunal Supremo en *Pueblo v. Rivera Colón, supra*, pág. 325, dispuso que:

"*[...]. Si no se puede citar al acusado por haber éste cambiado su dirección sin informar al tribunal o a su abogado, y el tribunal entiende que hubo una debida diligencia para localizarlo y citarlo, entonces el término de sesenta días para la segunda o subsiguientes vistas comenzará a computarse a partir de la fecha en que el acusado sea efectivamente citado. [...]*".

Por lo tanto, al imputado de delito se le requiere "*mantener informado al tribunal de cambios de dirección [residencial].*" *Pueblo v. Méndez Pérez*, 120 D.P.R. 137, 143 (1987). Todo ello, pues:

"*[...] la única consecuencia que tiene el diligenciamiento negativo de una citación para vista preliminar en alzada, solicitada oportunamente, era paralizar o interrumpir el término de sesenta días que tiene el fiscal para acudir ante un magistrado de categoría superior, siempre y cuando se demostrara diligencia para localizar y citar a la persona.*

*[...]*".

*Id.* pág. 142.

El término de juicio rápido puede ampliarse por justa causa y debe siempre considerarse la duración de la tardanza y el perjuicio causado. *Pueblo v. Candelaria*, 148 D.P.R. 591, 597-598 (1999); *Pueblo v. Rivera Colón*, 119 D.P.R. 315, 323 (1987). Se debe examinar entre otros factores al derecho a juicio rápido: (1) la duración de la tardanza; (2) razones para la dilación; (3) si se invocó oportunamente el derecho a juicio rápido; y (4) el perjuicio resultante de la tardanza. Se ha resuelto que ninguno de dichos factores es determinante y están sujetos a un balance. *Pueblo v. Santa-Cruz*, 149 D.P.R. 223, 237 (1999); *Pueblo v. Rivera Tirado*, 117 D.P.R. 419, 433 (1986).

Se ha establecido que si las demoras tienen el propósito de perjudicar a la persona imputada y entorpecen su

defensa, serán tratadas con mayor rigurosidad cuando sean analizadas por el tribunal, para determinar si hubo violación al derecho a juicio rápido. *Pueblo v. Candelaria, supra; Pueblo v. Rivera Tirado, supra.*

Cuando la suspensión de la vista preliminar o del juicio, es por justa causa o por causa atribuible al imputado, los términos de juicio rápido comienzan nuevamente a decursar desde la fecha en que estuviera la vista señalada. Para que constituya justa causa, el motivo de una demora se analizará caso a caso y según la totalidad de las circunstancias. *Pueblo v. Valdés, supra; Pueblo v. Rivera Colón, supra.*

Una vez se reclama oportunamente una violación al derecho a juicio rápido, el Ministerio Público tiene el peso de demostrar la existencia de justa causa para la demora. La tardanza por parte del imputado puede ser por renuncia expresa, voluntaria, y con pleno conocimiento de tal derecho, o que éste ha sido el causante de la tardanza. *Pueblo v. Cartagena Fuentes,* 152 D.P.R. 243, 251-253 (2000); *Pueblo v. Santa-Cruz,* 149 D.P.R. *supra,* pág. 239. Además, porque el imputado no objetó un señalamiento de vista, para una fecha fuera del plazo de juicio rápido. *Pueblo v. Santi Ortiz,* 106 D.P.R. 67-68 (1977).

## III

Conforme la norma jurídica antes esbozada, concluimos que no procedía como cuestión de derecho la desestimación de los cargos presentados en contra de los recurridos. Veamos el porqué de nuestro dictamen.

Es un hecho que no está en controversia que la vista preliminar se había ordenado celebrar por mandato del foro intermedio apelativo, según su dictamen en el recurso KLCE-2005-00621. Asimismo, es un hecho cierto que los recurridos no pudieron ser citados por la oficina de alguaciles del tribunal de instancia, pues éstos ya no residían en las direcciones provistas al tribunal durante los procedimientos previos. Véase, que inclusive, en las citaciones presentadas por el Procurador General en el apéndice, se hace constar en específico que el recurrido Ángel M. Valentín Narváez no reside en la Calle 2, Part. (sic) 91, Villa del Río, Toa Alta, pero *"no indicó [el recurrido] dirección correcta."* (Ap. IV, pág. 7.) En circunstancias similares se expresa la citación contra Jorge Andújar Ortiz, Calle 2 Parc. 454, Villa del Río, Toa Alta, donde consta que la madre de éste desconocía su residencia al igual que su compañera consensual. (Ap. VI, págs. 9-10.)

Por otra parte, los propios representantes legales de los recurridos desconocían, alegadamente, las direcciones residenciales de éstos. Valga señalar que estas circunstancias, sobre el desconocimiento de las direcciones residenciales de los recurridos por parte de sus familiares y abogados, ya habían ocurrido previamente. Durante los procedimientos anteriores comenzados desde el 2001, los recurridos no habían podido ser localizados por desconocerse su paradero. Véase, sobre el particular, Sentencia, Tribunal de Apelaciones, KLCE-2005-00621, página 8, nota al calce 3.

Es obvio que los recurridos, por la razón que fuera, no habían provisto al tribunal, sus familiares y a sus abogados, de sus respectivas direcciones residenciales. Los recurridos no pudieron ser citados para la vista preliminar por haber cambiado su dirección *"sin informar al tribunal o a su[s] abogado[s]".* *Pueblo v. Rivera Colón, supra.* Además, surge de los autos que el tribunal hizo las debidas gestiones para localizar a los recurridos, siendo todas ellas infructuosas. Es para la vista preliminar del 3 de febrero de 2006, que los recurridos pudieron ser citados y es que comparecen al tribunal por primera vez. Es en dicha vista que los representantes legales de los recurridos invocan el derecho a juicio rápido. Para la vista preliminar del 3 de febrero de 2006, ya habían transcurrido más de sesenta (60) días, desde que el foro apelativo había ordenado su celebración.

Ante tales circunstancias procesales, el plazo de juicio rápido de sesenta (60) días comenzó a decursar cuando los recurridos fueron debidamente citados y comparecieron a la vista preliminar. Durante el período de tiempo en que los recurridos no pudieron ser localizados, por desconocerse su paradero luego de varias gestiones para localizarlos, los plazos de juicio rápido no decursaban a su favor. *Pueblo v. Rivera Colón, supra.*

Resolver lo contrario, daría lugar a que un imputado de delito se beneficiara del plazo a juicio rápido, cuando no estaba realmente sujeto y expuesto al proceso criminal en su contra, pues por su propia causa al mudarse o trasladarse de residencia sin informarlo al tribunal, no hubiese podido ser citado para la vista preliminar. *Pueblo v. Carrión Rivera, supra*. El derecho a la "*justicia pública*", no permite tal interpretación. Un imputado que se esconde o evade ser citado durante el plazo de juicio rápido, no puede luego comparecer al tribunal para reclamar tal derecho, durante el período de tiempo que no pudo ser localizado. *Pueblo v. Reyes Herrans, supra*.

Una vez resuelto que los recurridos no estaban sujetos al proceso judicial, pues no habían podido ser citados por el tribunal, la pregunta es: ¿desde qué fecha es que transcurrió el plazo a juicio rápido? La contestación sobre el particular surge de los autos y la resolución emitida por el Tribunal de Primera Instancia el 23 de febrero de 2006, donde se reconoce que los recurridos comparecieron a la vista preliminar del 3 de febrero de 2006. Todo ello, luego de haberse hecho gestiones por la oficina de alguaciles del tribunal, para localizar a los recurridos. (*Véase*, Ap. 1, pág. 1.) Es desde ese día que los recurridos estuvieron sujetos a la jurisdicción del tribunal para la vista preliminar y por ende a partir de entonces, comenzó el plazo de sesenta (60) días de juicio rápido. Por lo tanto, el Estado tenía hasta el martes 4 de abril de 2006, para celebrar la vista preliminar que era el plazo de vencimiento de los sesenta (60) días, dispuesto en la Regla 64n(6) de Procedimiento Criminal, *supra*.

El dictamen del foro de instancia desestimando los cargos contra los recurridos el 23 de febrero de 2006, fue contrario a derecho, pues para la fecha en que se emitió, solamente habían transcurrido veinte (20) días desde que éstos fueron citados y sometidos a la jurisdicción del tribunal.

Nuestro análisis descansa en la totalidad de circunstancias procesales del caso ante el foro revisado y el principio que, aun en el supuesto de alguna dilación que afectara el derecho a juicio rápido, ésta no fue de naturaleza institucional oponible exclusivamente al Estado, ni tuvo "*el propósito de perjudicar a la[s] persona [s]*" con el propósito de entorpecer sus defensas o derechos. Los recurridos, como antes expusimos, no pudieron ser citados porque no le informaron al tribunal sus "*nuevas direcciones residenciales*", por lo cual, ellos también fueron partícipes de la dilación en el proceso. *Pueblo v. Guzmán Meléndez, supra*.

Por último, pero no menos importante, desde que comenzaron las distintas suspensiones de la vista preliminar el 6 de octubre de 2005, el Estado no estaba preparado, pero la defensa tampoco estaba preparada porque los recurridos no habían podido ser citados. Aunque el deber de citar a los recurridos recaía en el tribunal, no es menos cierto que éstos no estuvieron disponibles para ser citados, inclusive, a través de sus familiares y representantes legales. Los recurridos, al igual que sus familiares, tenían que estar conscientes que éstos estaban pendientes de ser procesados, con más razón cuando se trata de unos casos por delitos de Asesinato y Ley de Armas, que llevan en los tribunales casi cinco (5) años tramitándose.

## IV

Por los anteriores fundamentos de derecho, se revoca la resolución de desestimación emitida por el Tribunal de Primera Instancia y se ordena la celebración de la vista preliminar. El nuevo término de sesenta (60) días de juicio rápido para celebrar la vista preliminar, comenzará a decursar a partir de la fecha en que los recurridos Felipe Narváez Colón, Jorge Andújar Ortiz y Ángel Valentín Narváez, sean efectivamente citados por el tribunal de instancia.

Notifíquese inmediatamente por la vía ordinaria.

Lo acordó y manda el tribunal y lo certifica la Secretaria del Tribunal.

Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones